No. 16,133.

JOHNSON *v.* JOHNSON.
(206 P. [2d] 597)

Decided April 11, 1949. Rehearing denied May 23, 1949.

Mr. J. E. McLEMORE, JR., Mr. DON B. OLIVER, for plaintiff in error.

Mr. FRED S. CALDWELL, Mr. BENJAMIN GRIFFITH, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties are here in reverse order of their appearance in the trial court and we will herein refer to them as plaintiff and defendant.

On August 31, 1946, plaintiff filed complaint in separate maintenance, and on December 5, 1946, a consent decree was entered providing for the payment of money for the maintenance and support of plaintiff by the defendant. The defendant partially complied with the terms of the decree, but on April 7, 1948, he was in arrears in the sum of thirteen hundred twenty-five dollars for which, on said day, plaintiff filed her motion for summary judgment. On April 16, 1948, defendant filed his motion to dismiss, based on lack of jurisdiction of the subject matter, for the reason that at the time the original decree was entered, plaintiff was not the wife of the defendant, defendant having been divorced from plaintiff on October 22, 1946 in the state of Nevada. Trial court overruled the motion to dismiss and entered judgment for plaintiff in the amount prayed for, stating that the amount had not been questioned or in any manner put in issue by the defendant. Error is assigned by the defendant, and the points specified upon which he relies for reversal are: "1. The trial court erred in entering decree in separate maintenance for that it lacked jurisdiction over the subject matter of the action. 2. Trial court erred in entering a decree in separate maintenance in that no prima facie case was established by evidence. 3. Trial court erred in granting the motion and the entry of summary judgment."

Plaintiff and defendant were married at Cherokee, Oklahoma, May 29, 1923, and of the marriage three children were born, two of whom are of age and the youngest, a son, became eighteen years of age November 11, 1946. Plaintiff alleged cruelty in her complaint for separate maintenance and that the defendant abandoned plaintiff in the state of Texas about July, 1945, requiring plaintiff to go to the home of her parents in Oklahoma

where she resided until coming to Denver to institute this action against the defendant who had come to Denver about August 8, 1945, and who is the head of the Public Works Administration of the United States with offices in the City and County of Denver, and maintains his residence in said city. Upon the filing of the complaint, service was had upon the defendant on September 3, 1946, by delivering and leaving with defendant's stenographer, at defendant's usual place of business in the Paramount Building in the City and County of Denver, a copy of the summons and complaint.

On September 24, 1946, defendant filed his motion to dismiss and motion for summary judgment, which is, in substance, that complaint fails to state a claim against the defendant upon which relief can be granted; to dismiss the action or quash the return of the summons because defendant had not been properly served; that the court lacked jurisdiction over the subject matter on the ground that neither plaintiff nor defendant had been residents and citizens of the state of Colorado for one year next prior to the beginning of her action, nor have they been residents and citizens at all during the times mentioned in the complaint; that no acts of cruelty have ever been committed by the defendant toward the plaintiff in the state of Colorado, and that the court lacked jurisdiction over the persons of the plaintiff and defendant because neither had been a resident and citizen of the state of Colorado for one year next prior to the bringing of the action.

On September 30, 1946 plaintiff filed her motion for temporary allowances. Defendant moved for continuance on a hearing of the motion in order to take the deposition of the defendant, and, so far as the record discloses, no further action was taken in the case until December 5, 1946, when both parties appeared through their counsel and counsel for defendant asked leave to withdraw defendant's motion to dismiss and motion for summary

judgment and moved the court to allow the cause to proceed to trial as a noncontested case. Counsel for defendant stated that, "defendant has heretofore been divorced by the district court in the state of Nevada," and that the decree prepared by counsel for plaintiff has been approved, and that they "would like to present that decree at this time." After it was stated to the court that it was a consent decree, the court signed the decree which, in substance, is as follows: That attorneys for defendant asked leave to withdraw their motions and to enter their general appearance for and on behalf of the defendant, all of which was granted by the court; that the attorneys for plaintiff and defendant announced that the *parties* herein have agreed upon this decree and the terms and conditions thereof; that all parties unite in asking that a consent decree be entered; that until further order of the court, defendant pay into the registry of the court for the use of the plaintiff one hundred fifty dollars per month for the next six months in installments of seventy-five dollars twice a month, beginning December 1, 1946; and that thereafter, defendant pay into the registry the sum of one hundred twenty-five dollars a month in two installments of sixty-two and 50/100 dollars each, beginning June 1, 1947; that the payments shall continue until the remarriage of plaintiff or until the death of either party; that defendant pay plaintiff's attorneys' fees in the sum of two hundred fifty dollars in monthly installments of fifty dollars each; and that defendant assign and transfer title to 1941 Hudson automobile to the plaintiff, and that certain personal property consisting of household effects in storage in Dallas, Texas, be transferred and assigned by defendant to the plaintiff as her absolute property.

Defendant contends that the court was without jurisdiction to enter the decree of separate maintenance because such decree could only be entered in favor of a wife, and that since the defendant had obtained a

divorce in Nevada prior to the signing of the decree, the relationship of man and wife ceased to exist and the court acted without jurisdiction.

After plaintiff had commenced her action for separate maintenance, the defendant did obtain a decree of divorce in Nevada upon constructive service and without any appearance by the defendant (plaintiff here). The Nevada decree proceeded as an action in rem and when given effect by the courts of this state, it is only as to the marital status and not as a decree effective on the question of the right of plaintiff here to follow her inchoate interest in the property of her husband to the extent of her necessary support. The difficulty here arises because the decree entered after the divorce decree is under a prayer for separate maintenance, which, to all intents and purposes, may end with the termination of the marriage relation. It might have so ended in the instant case had the defendant not further participated in the separate maintenance action. Feeling fortified with a decree of divorce, he could have appeared and contested plaintiff's action on that and such other grounds as he might present; or he could have refused further participation in plaintiff's case. He neglected to do either, but, as the decree recites, he agreed to the terms of the decree which he requested be entered. It is not suggested in the record, or even hinted, that counsel for defendant, in presenting, agreeing to, and approving the decree, acted in the matter without the authority, knowledge or consent of the defendant. It is certain the court had jurisdiction of the parties and they brought the subject matter to the court in due course after the filing of the plaintiff's complaint.

These being the facts in the case, we need give no further discussion to the case other than that as made by the defendant, and about which he should not now be heard to complain. The general appearance of the defendant was set out in the decree and parties submitted themselves to the jurisdiction of the court for

the entry of its orders. It is not necessary to discuss the matter of recognition by this court of the Nevada decree of divorce. While not expressly in point, section 30, chapter 56, '35 C.S.A. discloses the general intent of the legislature regarding foreign divorces as being allowed to affect decrees of separate maintenance, it being stated therein that they are not "* * * to be admitted in evidence in any proceeding to enforce, *or concerning,* affecting or involving in any way, such marriage settlement, separate maintenance *agreement,* or decree of separate maintenance." A further statute, section 29, chapter 56, '35 C.S.A. being: "Courts shall have jurisdiction to enforce specifically the terms and payments provided in marriage settlement contract and separate maintenance agreements, heretofore or hereafter entered into, whether the parties have been divorced or not." is of consequence in consideration of the instant case.

■ The decree herein is of the defendant's own making, in which he acquiesced and complied with its terms as upon approval thereof. This is an agreement between plaintiff and defendant dignified by the pronouncement of the court as a decree. The defendant recognized the effectiveness and the validity of the decree by complying with its terms. Estoppel has been allowed in such instances because acquiescence is a specie of estoppel, it implies acceptance or approval and active assent, all of which may be the basis for equitable estoppel. After all, the purpose of estoppel is to prevent inconsistency.

■ The processes of the trial court have been available at all times to the defendant for a modification of the decree, which in this instance must stand until so modified because it is the product of defendant's own making and choice.

In accordance with the views herein expressed, the judgment should be, and is hereby affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE MOORE concur.